Commonwealth *v.* Christian, Appellant.

Submitted November 13, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John J. Dean,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los* and *Robert L. Campbell,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 23, 1971:
Order affirmed.

---

DISSENTING OPINION BY SPAULDING, J.:
I respectfully dissent.

Appellant Hayford Christian was found guilty by a jury in February 1958 of burglary, rape and sodomy. In May 1969, the lower court heard and dismissed appellant's Post Conviction Hearing Act petition in which he alleged that his appeal rights had been denied. The court allowed appellant to file an appeal nunc pro tunc to this Court.

The record indicates that in the early morning hours of August 8, 1957, a man entered the home of a Mrs. Matilda Martin of Pittsburgh and forced her to have sexual relations with him. Upon notification of the assault, Officer Flora of the Pittsburgh Police Department went to Mrs. Martin's home and received the following description from her. "Q. And what description did she give you, Officer? A. She says he was a light colored man and thin and not very tall, and I says, 'How tall is he?', and she says a little taller than

me, a couple of inches taller, and I says, 'Five foot or five foot, six', and she says around that, as far as she knew. Q. Any other description of the man? A. No, she says light complected. Q. White or colored? A. Colored, she says he was colored. Q. Did she say anything with reference to his moustache? A. No, not in my presence she did not." Officer Flora then directed his men to pick up suspects in the surrounding area who fit this "description". A number of individuals were subsequently detained and included was a Calvin Simmons who, according to Officer Flora, fit the description "pretty good". (N.T. 5) Although the victim tentatively identified Simmons as the assailant, Simmons denied any participation in the crime. According to his own testimony ". . . they [police] asked me if there were any other fellows in the neighborhood who looks like me: and when she [the victim] says, 'He [Simmons] looks like the fellow, 'I says 'No, no, you must be wrong. There is three other fellows here who resemble me' and then they went and got Mr. Christian."

Officer Flora testified concerning the arrest: "I ordered the officers to pick up everybody in the street in that area, which the officers did and they picked up 3 or 4 and 1 of them answered the description pretty good and I talked to one of them, and I says, 'Do you know anybody else in the neighborhood that answers your description. And I took Officer Schwabedissen and a couple of other officers and went to 528 Grace Street and we took this defendant [appellant] into custody for suspicion."

Appellant was arrested and taken to the police station, where evidence of the assault was discovered on his clothing. This evidence was admitted over objection at trial.

In my judgment, the police did not have probable cause for appellant's arrest under the standards enun-

ciated in *Henry v. U.S.,* 361 U.S. 98; *Commonwealth v. Ellsworth,* 421 Pa. 169, 218 A. 2d 249 (1966) ; and *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A. 2d 304 (1963). The only information linking appellant to the crime was the victim's vague description and Simmons' self-serving statement. This was insufficient. General descriptions such as the one relied on here do not establish probable cause. See *Commonwealth v. Hicks,* 434 Pa. 153, 253 A. 2d 276 (1969) ; *Commonwealth v. Berrios,* 437 Pa. 338, 263 A. 2d 342 (1970). Further, even if the description had been more precise, Simmons, a subject of investigation himself, cannot be accepted as a source of the "reasonably trustworthy" information required by *Henry,* supra.

The arrest was unlawful and the fruits of the subsequent search should not have been admitted. I would vacate the judgment of sentence and grant appellant a new trial.

HOFFMAN, J., joins in this dissenting opinion.